# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DESHAUN NORTHERN,     )
                         )
     Plaintiff,      )
                         )
     v.               )     CA. No N23M-09-152 VLM
                         )
                         )
WARDEN MAY,        )
                         )
     Defendant.    )

## ORDER

Submitted: March 11, 2024
Decided: March 12, 2024

*Upon Consideration of Plaintiff's Motion for Reargument,*
**DENIED.**

**AND NOW TO WIT,** this 12th day of March, 2024, upon consideration of Deshaun Northern ("Plaintiff's")'s Motion for Reargument, Superior Court Rule 59, and the record in this case, it appears to the Court that:

1.      On October 3, 2023, Plaintiff filed a Petition for Writ of Mandamus, arguing that a determination by the Department of Correction (DOC) to remove "good time" was improper.[1] This stems from a similar 2021 request he made to this Court to review what Plaintiff initially believed was the removal of *credit* time.[2] In October 2021, upon confirmation from DOC that no credit time had been removed, this Court sent an explanation to Plaintiff that he had received a loss of merit/statutory good time, but that DOC had not removed his credit time.[3]

2.      Undeterred, Plaintiff then argued that DOC's revocation of good time was improper under 11 *Del. C.* § 4382(a),[4] namely that although he had been charged with Promoting Prison Contraband, he had not been convicted of the same.[5] This Court again explained that the revocation of good time was not a result of any conviction under § 4382, and that although his charges for Promoting Prison

---

[1] D.I. 1.

[2] *See State v. Deshaun Northern* (ID Nos. 1501013030 and 1502011707, D.I. 60, 52 (herein Crim Matters).

[3] *See* Crim Matters, D.I. 61 and 53.

[4] § 4382. Forfeiture of good time.

  (a) Any person subject to the custody of the Department at Level IV or V shall, upon the conviction of any felony during the term of the sentence, forfeit all good time accumulated to the date of the criminal act; this forfeiture is not subject to suspension.

[5] *See* Crim Matters, D.I. 62 and 54.

Contraband resulted in a *nolle prosequi,* he had been sanctioned by the DOC Major Adjustment Board for various violations,[6] including, *but not limited to,* Promoting Prison Contraband.[7]  This Court dismissed his Petition for Writ of Mandamus in December 2023.[8]

3.  On December 5, 2023, Plaintiff filed another letter, confirming receipt of the Court's dismissal,[9] and now argues "however, that one key point continues to be overlooked[,] namely that [he] was subjected to double jeopardy."[10]  He seeks "relief under the 5th 8th & 14th Amendment to the United States Constitution,[11] arguing that the Constitution protects "against a second prosecution for the same offense after acquittal. . . against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense."[12] The crux of this new argument is that the forfeiture of good time is another penalty that cannot be imposed in addition to his solitary confinement placement stemming from those violations, as sanctioned by the DOC Major Adjustment Board.

---

[6]  Per DOC, the violations include 1.04 Damage or Destruction of Property; 1.12 Felony; 1.31 Promoting Prison Contraband and 2.13/200.111 Possession of Non-Dangerous Contraband. (This Court further explained that these sanctions authorized DOC to order the revocation of a total of 365 good time but that as of July 7, 2021, Plaintiff had only then earned a total of 219 Statutory good time days and 8 meritorious credits, which resulted in the revocation of 227 good time days.)

[7] *See* Court's Letter dated October 4, 2021, Crim Matters, D.I. 61 and 53.

[8] Court's Letter dated December 5, 2023, D.I. 9.

[9] Plaintiff's Letter dated December 5, 2023, D.I. 12.

[10] *Id.*

[11] *Id.*

[12] *Id.*

4.     Defendant opposes reargument and maintains that the administrative sanctions—loss of good time and solitary segregation—did not violate his constitutional rights.[13] And that Plaintiff received more than one sanction for multiple infractions does not violate Double Jeopardy.[14]

5.     The Court treats this as a Motion for Reargument under Superior Court Civil Procedure Rule 59 (e).[15] Delaware Superior Court Criminal Rule 57(d) states: "In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule...."[16] "Superior Court Civil Rule 59[ ] is made applicable to criminal cases by Superior Court Criminal Rule 57(d)."[17]

6.     Delaware Superior Court Civil Rule 59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or judgment. . . ."[18] The law places a "heavy burden on a [party] seeking relief pursuant to Rule 59."[19] To prevail on a motion for reargument, the movant must demonstrate that "the Court has

---

[13] *See* Defendant's Response to Motion for Reargument at 4, D.I. 14. (The "sanctions were not grossly disproportionate to the remedial goals of safety and rehabilitation…[and] not considered punishment under the double jeopardy analysis.").

[14] *Id.*

[15] DEL. SUPER. CT. CIV. R. 59(e).

[16] DEL. SUPER. CT. CRIM. R. 57(d).

[17] *Guardarrama v. State*, 911 A.2d 802, 2006 WL 2950494, at *3 (Del. Oct. 17, 2006) (TABLE) (citing DEL. SUPER. CT. CRIM. R. 57(d)).

[18] *Hessler Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969). *See* DEL. SUPER. CT. CIV. R. 59(e).

[19] *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Ct. Apr. 27, 2007) (citing *Fatovic v. Chrysler Corp.*, No. CIV.A. 00C08299 HLA, 2003 WL 21481012, at *5 (Del. Super. Ct. Feb. 28, 2003); *Arnold v. Soc'y for Sav. Bancorp*, No. CIV.A. 12883, 1995 WL 408769 (Del. Ch. June 30, 1995)).

overlooked a controlling precedent or legal principle[ ], or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[20] Further, "[a] motion for reargument is not a device for raising new arguments,"[21] nor is it "intended to rehash the arguments already decided by the court."[22] Such tactics frustrate the interests of judicial efficiency and the orderly process of reaching finality on the issues.[23]

7.     At the outset, Plaintiff raises a new argument that runs afoul of Rule 59(e). His constitutional arguments were not previously raised. Delaware law is clear that "[i]f a party has failed to raise an issue below that could have been addressed by the Court, the Court will not entertain new arguments by the parties raised for the first time in a motion for reargument."[24] Thus, this Court cannot consider his novel Double Jeopardy arguments.

8.     Moreover, even if properly presented, his arguments are without merit. Plaintiff was sanctioned by the DOC Major Adjustment Board for various violations while he was incarcerated. These violations included, but were not limited to, his dismissed charge for Promoting Prison Contraband. The loss of good time and/or

---

[20] *Bd. of Managers of Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Ct. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (citing *Cummings v. Jimmy's Grille, Inc.*, No. 99C-07-031-WTQ, 2000 WL 1211167, at *2 (Del. Super. Ct. Aug. 9, 2000) (internal citations omitted)).
[21] *Id.*
[22] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Ct. Jan. 31, 2006).
[23] *See Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Ct. Jan. 14, 2004).
[24] *Id.*

solitary placement while incarcerated as a sanction does not implicate the protections afforded under the Double Jeopardy Clause of the 5th Amendment to the U.S. Constitution.

9. Lastly, Plaintiff fails to cite any authority to suggest that the resultant sanctions and/or DOC's placement determinations are subject to constitutional scrutiny. Other than conclusory references to general constitutional protections, he further fails to assert bases in either fact or law that would allow this Court to consider whether a placement in solitary confinement in conjunction with the forfeiture of good time warrants constitutional analysis under either the 5th, 8th or 14th Amendments to the United States Constitution.

10. For the foregoing reasons, Plaintiff's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

Vivian L. Medinilla
Judge

cc: Prothonotary
Michael Tipton, Deputy Attorney General

6